UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

REGINALD LORENZO BUCHANAN,                CASE NO.  08-60828-CIV-DIMITROULEAS

   Petitioner,

vs.

WALTER MCNEIL,

   Respondent.
_____/

**FINAL JUDGMENT AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; WITHDRAWING REFERENCE**

THIS CAUSE is before the Court on Petitioner's (Buchanan) May 27, 2008 Petition For Writ of Habeas Corpus [DE-1].  The Court has considered the State's August 1, 2008 Response [DE-8] and Exhibits [DE-10][1], and finds as follows:

1.  On August 8, 2003, Buchanan was charged by information with Aggravated Battery with a Deadly Weapon. [DE-10, pp. 6-7].  The crime allegedly occurred on April 29, 2003.

2.  On October 22, 2004, Buchanan was found guilty. [DE-10, p. 9].

3.  On October 28, 2004, Buchanan was sentenced to ten (10) years in prison. [DE-10, pp 11-14].

4.  On January 4, 2006,, the Fourth District Court of Appeal affirmed. [DE-10, p. 53]. Buchanan v. State, 917 So. 2d 1010 (Fla. 4th DCA 2006).  Mandate issued on January 20, 2006.

---

[1]On June 24, 2008, Magistrate White indicated that Buchanan did not have to file a reply [DE-5], but if he decided to do so, it should be filed within thirty (30) days.  However, this Court sees no reason to delay this order.  Should Buchanan want to file a reply, he may do so in the form of a Motion for Reconsideration, filed on or before September 2, 2008.

1

[DE-10, p. 55].

5.  On March 17, 2006, Buchanan filed a Petition for Writ of Mandamus. [DE-10, p. 59]. It was dismissed on July 3, 2007. [DE-10-4, p. 43].

6.  On April 27, 2006, Buchanan filed a Motion for Post Conviction Relief. [DE-10, pp. 67-83]. On May 7, 2007, the trial court denied the motion. [DE-10-4, p. 32].

7.  On August 8, 2007, the Fourth District Court of Appeal affirmed. [DE-10-4, p. 55]. Buchanan v. State, 962 So. 2d 915 (Fla. 4th DCA 2007). Mandate issued on September 7, 2007. [DE-10-4, p. 57].

8.  On September 17, 2007, Buchanan filed a Petition For Writ of Habeas Corpus with the Fourth District Court of Appeal. [DE-10-4, pp. 59-65]. That petition was denied on November 1, 2007. [DE-10-4, p. 67].

9.  On May 27, 2008, Buchanan filed this timely petition alleging:

   A. Failure to follow state procedures concerning peremptory challenges on an African-American female and an Hispanic male and

   B. Ineffective assistance of appellate counsel in not raising an allegedly faulty self-defense instruction on appeal.

10.  Buchanan's first complaint is procedurally barred as no objection was raised at the conclusion of voir dire before the trial court. [DE-10-6, pp.20-21]. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Moreover, Buchanan has failed to alert the state court or this court of the federal nature of the claim. Violations of state law are not cognizable in federal habeas corpus. Some have argued that Florida courts provide parties greater protection than Federal courts in preventing discriminatory jury selection practices. State v. Whitby, 975 So. 2d 1124, 1131 (Fla.

2

2008 (J. Cantero dissenting)).  However, state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.  Callahan v. Campbell, 427 F. 3d 897, 932 (11th Cir. 2005).  The first voir dire issue involves Juror Natalie Allen-Mondesir. [DE-10-4, p. 80].  This African-American juror's cousin had been arrested for a battery and prosecuted by the same prosecuting office. [DE-10-4, p. 8 and DE-10-5, pp. 56-57].  She believed her cousin had been arrested for a crime that he did not commit.  The objection to the peremptory challenge was properly overruled. [DE-10-6, p. 16].  It was a race neutral reason. See, U.S.v. Singh, 518 F. 3d 236, 255(4th Cir. 2008). The second voir dire issue involves Juror Ivan Lopez-Muniz;  this Hispanic male was struck because he was reading a book and not paying attention.  The prosecutor was concerned that he did not seem interested in the case. [DE-10-6, p. 18].  The trial judge agreed and added that he did not speak up, never smiled and sounded strange. [DE-10-6, p. 18].  The defendant's objection was properly overruled.  See, Bell-Bey v. Roper, 499 F. 3d 752, 758 (8th Cir. 2007) cert. denied, 128 S. Ct. 2426 (2008).

     11.  Second, Buchanan complains that the self-defense instruction was faulty. The trial court instructed on self-defense using deadly force [DE-10-8, pp. 87-90] and self-defense using non-deadly force [DE-10-8, p. 90 and DE-10-9, pp. 1-2].  Buchanan complains that appellate counsel was ineffective for not arguing that the self-defense instruction was inappropriate. Florida courts have found fundamental error in giving part of the self-defense instruction: "That self-defense is not appropriate if the Defendant was attempting to commit, committing or escaping after the commission of aggravated battery".  Estevez v. Crosby, 858 So. 2d 376, 377 (Fla. 4th DCA 2003).  The circular reasoning of that part of the self-defense instruction has been faulted by Florida courts.  However, since that part of the self-defense instruction was not given

to the jury in this case, appellate counsel can not be properly faulted in not raising a frivolous issue on appeal. See, Chandler v. Moore, 240 F. 3d 907, 917 (11th Cir) cert. denied, 534 U.S. 1057 (2001).

Wherefore, Buchanan's Petition For Writ of Habeas Corpus [DE-1] is Denied.

The Clerk shall deny any pending motions as moot and close this case.

The Reference to Magistrate [DE-3] is Withdrawn.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of August, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Mark J. Hamel, Assistant Attorney General

Reginald L. Buchanan, #912699
c/o Hardee Corr. Inst. - WorkCamp
6899 St. Rd. #62
Bowling Green, Florida 33834-8976

Honorable Patrick A. White, US Magistrate Judge